# EXHIBIT A

CORPORATE CREATIONS®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Live Nation Worldwide, Inc.
Kimberly Tobias
Live Nation
9348 Civic Center Drive
Beverly Hills CA 90210
United States

August 29, 2026

# SERVICE OF PROCESS NOTICE

Item: 2026-1245G

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | |
|---|---|---|
| 1. | **Entity Served:** | Live Nation Worldwide, Inc. |
| 2. | **Title of Action:** | Joann Somes vs. Live Nation Worldwide, Inc et al. |
| 3. | **Document(s) Served:** | Law Firm Letter<br>Summons<br>Plaintiff's Complaint<br>Jury Demand |
| 4. | **Court/Agency:** | Wayne County Third Judicial Circuit Court |
| 5. | **State Served:** | Michigan |
| 6. | **Case Number:** | 26-014808-NO |
| 7. | **Case Type:** | Personal Injury / Negligence / Damages |
| 8. | **Method of Service:** | Certified Mail |
| 9. | **Date Received:** | Wednesday 08/26/2026 |
| 10. | **Date to Client:** | Friday 08/28/2026 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | See Notes<br>CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>**(Name, City, State, and Phone Number)** | Jessica Hopkins<br>Detroit, MI<br>313-777-7777 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 231 |
| 16. | **Notes:** | Please review the enclosed documents in order to calculate the response due date. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

RENO ARABO
MARKO LAW
220 W CONGRESS ST, FL 4TH
DETROIT MI 48226-3213

**USPS CERTIFIED MAIL**

9436 0098 9864 3584 6065 54

PITNEY BOWES
$18.04 0
US POSTAGE IMI
FIRST-CLASS
028W0002312164
2000477027
ZIP 48226
AUG 24 2026

ATTN: RA/CORPORATE CREATIONS NETWORK INC.
LIVE NATION WORLDWIDE, INC.
28175 HAGGERTY RD
NOVI MI 48377-2903

Memo/Reference - somes cmplnt & jd

JM MARKO LAW

MARKOLAW.COM P. (313) 777-7LAW F. (313) 470-2011

**August 24, 2026**

**SENT VIA CERTIFIED MAIL,**
**RETURN RECEIPT REQUESTED**
LIVE NATION WORLDWIDE, INC.
ATTN: RA/CORPORATE CREATIONS NETWORK INC.
28175 HAGGERTY RD
NOVI, MI 48377

**RE: Joann Somes v. Live Nation Worldwide, Inc., et al.**
**Case No.: 26-014808-NO**

Dear Sir/Madam:

Enclosed please find a Summons, Jury Demand, and Complaint filed by our client, Joann Somes, against you, with regard to the above-referenced matter.

We look forward to receiving your response.

Very truly yours,

**MARKO LAW, PLLC**

*Jessica L. Hopkins*

Jessica Hopkins, Legal Assistant to Reno R. Arabo
220 W. Congress St, 4th Floor
Detroit, MI 48226
P: (313) 777-7777 / F: (313) 470-2011
Email: jessica@markolaw.com

JLH
Enclosure(s)

Original - Court
1st Copy - Defendant
2nd Copy - Plaintiff
3rd Copy - Return

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>26-014808-NO<br>Hon.Edward J. Joseph |
|---|---|---|

Court telephone no.:

| Plaintiff's name(s), address(es), and telephone no(s) | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Somes, Joann | v | LIVE NATION WORLDWIDE, INC. d/b/a THE FILLMORE DETROIT |
| **Plaintiff's attorney, bar no., address, and telephone no**<br>Reno Rabah Arabo 83692<br>220 W. Congress, Floor 4<br>Detroit, MI 48226 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ ______________________________ Court, where it was given case number ________________ and assigned to Judge ________________.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 8/24/2026 | 11/23/2026 | Carla Keefe |

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01** (3/23) **SUMMONS** MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

THIRD JUDICIAL CIRCUIT OF MICHIGAN

**SUMMONS**
Case No. : **26-014808-NO**

# PROOF OF SERVICE

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE OF SERVICE / NONSERVICE

☐ I served ☐ personally ☐ by registered or certified mail , return receipt requested, and delivery restricted to the addressee(copy of return receipt attached) a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff,deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee<br>$ | Miles traveled<br>$ | Fee<br>$ | |
|---|---|---|---|
| Incorrect address fee<br>$ | Miles traveled<br>$ | Fee<br>$ | **Total fee**<br>**$** |

Signature

Name (type or print)

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with

______________________________ on ______________________________
Attachments (if any) Date and time

______________________________ on behalf of ______________________________.

Signature
______________________________

26-014808-NO FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 8/24/2026 10:29 AM Carla Keefe

MARKO LAW P: (313) 777-7LAW F: ((313) 470-2011 220 W. CONGRESS, 4TH FLOOR DETROIT, MI 48226 MARKOLAW.COM

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

JOANN SOMES,

Plaintiff,

v.

LIVE NATION WORLDWIDE, INC.
d/b/a THE FILLMORE DETROIT,

Defendant.

Case No. 26- -NO
Hon.

---

RENO R. ARABO (P83692)
**MARKO LAW, PLLC**
Attorneys for Plaintiff
220 W. Congress, 4th Floor
Detroit, MI 48226
P: (313) 777-7777 / F: (313) 470-2011
renoa@markolaw.com
jessica@markolaw.com (asst.)

---

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after being assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this Court.

*/s/ Reno Arabo*

---

**PLAINTIFF'S COMPLAINT**

**NOW COMES** Plaintiff, JOANN R. SOMES, by and through her attorneys, MARKO LAW, PLLC, and for her Complaint against Defendant LIVE NATION WORLDWIDE, INC. d/b/a THE FILLMORE DETROIT, states as follows:

## JURISDICTION & VENUE

1. Plaintiff, JOANN R. SOMES, is an individual who, at all times relevant to this action, resided in Lewiston, Montmorency County, Michigan.

2. Defendant LIVE NATION WORLDWIDE, INC. is a Delaware corporation authorized to conduct business in Michigan and does business as THE FILLMORE DETROIT. Defendant is referred to in this Complaint as "LIVE NATION."

3. Defendant LIVE NATION may be served through its resident agent, Corporate Creations Network Inc., 8175 Creekside Drive, Suite 200, Portage, Michigan 49024.

4. At all times relevant to this action, Defendant LIVE NATION owned, operated, managed, possessed, maintained, and controlled The Fillmore Detroit, located at 2115 Woodward Avenue, Detroit, Michigan 48201. The property is referred to in this Complaint as the "Premises."

5. The events giving rise to this action occurred at the Premises in the City of Detroit, Wayne County, Michigan.

6. The amount in controversy exceeds $25,000.00, exclusive of interest, costs, and attorney fees. This Court has subject-matter jurisdiction pursuant to MCL 600.605 because Plaintiff's claims are civil claims over which no other court has exclusive jurisdiction.

7. Venue is proper in this Court pursuant to MCL 600.1629 because the injury and the conduct giving rise to Plaintiff's claims occurred in Wayne County.

## FACTUAL ALLEGATIONS

8. On May 17, 2026, Plaintiff lawfully entered the Premises as a ticketed patron attending a concert and for purposes directly connected with Defendant's commercial business.

9. Plaintiff was a business invitee of Defendant while at the Premises.

10. Defendant operated the Premises as a crowded concert venue and controlled patron movement through its stairways and common areas.

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
MARKO LAW

11. While Plaintiff was lawfully walking down an interior stairway at the Premises, she encountered a wet and slippery liquid or substance on a stair.

12. The wet and slippery substance rendered the stairway unreasonably dangerous for patrons using it as intended.

13. Plaintiff did not create the hazardous condition and had no reason to anticipate that a wet and slippery substance would be present on the stairway.

14. Plaintiff slipped on the wet and slippery substance and fell down several stairs.

15. The fall caused Plaintiff to strike her head and body and immediately experience severe pain in her neck, back, right arm, and right leg, together with weakness, numbness, and tingling.

16. Plaintiff was unable to stand or walk after the fall. Emergency medical personnel applied a cervical collar and transported her by ambulance to Detroit Receiving Hospital.

17. Following evaluation and advanced imaging, Plaintiff was diagnosed with an incomplete cervical spinal cord injury and cervical disc herniation.

18. Plaintiff underwent urgent anterior cervical discectomy and fusion surgery during the initial hospitalization.

19. After surgery, Plaintiff required additional hospital care, physical therapy, occupational therapy, home health services, and continuing medical treatment for residual weakness, pain, sensory symptoms, and related limitations.

20. Plaintiff has experienced recurrent upper- and lower-extremity pain, weakness, numbness, and tingling, together with urinary symptoms, and has required additional emergency evaluations and hospital admissions.

21. Plaintiff has been unable to return to her work as a sales associate and has sustained wage loss and impairment of earning capacity.

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: (313) 470-2011
MARKOLAW

22. The precise source of the substance, the length of time it was present, Defendant's notice, and the acts or omissions of Defendant's employees, agents, and contractors are matters within Defendant's knowledge and control and will be developed through discovery.

## COUNT I - DIRECT NEGLIGENCE

23. Plaintiff incorporates all preceding allegations as though fully restated in this Count.

24. Separate and apart from Defendant's status as possessor of the Premises, Defendant undertook active responsibility for operating a crowded concert venue, directing patron traffic, staffing stairways and common areas, controlling food and beverage service, implementing spill-response procedures, and coordinating employees, agents, and contractors responsible for patron movement and safety.

25. To the extent discovery establishes that Plaintiff's injuries resulted from Defendant's active operational conduct, Defendant owed Plaintiff a duty to exercise reasonable care in performing those activities.

26. Defendant breached that duty through active operational acts or omissions, including one or more of the following:

a. Conducting, permitting, or supervising food or beverage service in a manner that caused or contributed to liquid being deposited on a patron stairway;

b. Directing or permitting patrons to use the stairway while employees or agents were actively conducting venue operations in a manner that made the route unsafe;

c. Failing to carry out an undertaken spill-response procedure after the spill was observed, reported, or encountered during venue operations;



MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
MARKOLAW

d. Failing to coordinate employees, security personnel, ushers, cleaning personnel, and contractors assigned to patron movement and spill response;

e. Failing to conduct an operational safety sweep before directing or releasing patron traffic onto the stairway; and

f. Other active operational acts or omissions shown through discovery.

27. To the extent the dangerous condition resulted from Defendant's active operational conduct, that conduct was a direct and proximate cause of Plaintiff's fall and resulting injuries and damages.

## COUNT II - NEGLIGENCE AND VICARIOUS LIABILITY

28. Plaintiff incorporates all preceding allegations as though fully restated in this Count.

29. At all relevant times, Defendant acted through its employees, agents, apparent agents, contractors, subcontractors, security personnel, ushers, cleaning personnel, food and beverage personnel, and other persons assigned to operate the Premises and protect patrons.

30. Those persons acted within the course and scope of their employment, agency, authority, or assigned duties for Defendant and in furtherance of Defendant's business.

31. To the extent discovery establishes that one or more of those persons actively caused the spill, deposited the substance, mishandled a beverage, directed patrons into an unsafe path, failed to carry out an undertaken spill response, or otherwise engaged in negligent operational conduct, each owed Plaintiff a duty to exercise reasonable care.

32. One or more of those persons breached that duty through negligent active conduct, including causing or contributing to the spill, failing to respond after personally observing or receiving notice of it, directing Plaintiff toward or onto the affected stairway, or otherwise increasing the risk of harm.

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
MARKOLAW

33. Defendant is liable for the negligent acts and omissions of its employees and agents committed within the course and scope of their employment or agency and is otherwise liable to the extent permitted by law for the conduct of persons acting on its behalf.

34. The negligent active conduct described in this Count was a direct and proximate cause of Plaintiff's fall and resulting injuries and damages.

**COUNT III - PREMISES LIABILITY**

35. Plaintiff incorporates all preceding allegations as though fully restated in this Count.

36. At all relevant times, Defendant possessed and controlled the Premises and the stairway where Plaintiff fell.

37. Plaintiff was Defendant's business invitee because she entered and remained on the Premises for a commercial purpose connected with Defendant's business.

38. Defendant owed Plaintiff a duty to exercise reasonable care to protect her from an unreasonable risk of harm caused by a dangerous condition on the land.

39. The wet and slippery substance on the stairway constituted a dangerous condition and an unreasonable risk of harm to patrons using the stairway as intended.

40. On information and belief, Defendant had actual or constructive notice of the dangerous condition because Defendant, its employees, agents, or persons acting on its behalf created the condition, observed it, received a report concerning it, or because the condition existed for a sufficient length of time that Defendant should have discovered it through reasonable inspection and monitoring.

41. Defendant breached its duties in one or more of the following ways:

a. Failing to reasonably inspect the stairway for spills, liquids, and other hazardous conditions;



MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
MARKOLAW

b. Failing to discover and remove the wet and slippery substance within a reasonable time;

c. Failing to keep the stairway reasonably clean, dry, and safe for invitees;

d. Failing to guard, block, or barricade the affected portion of the stairway;

e. Failing to provide an adequate alternative route while the stairway remained unsafe;

f. Failing to provide timely and adequate warnings of the wet and slippery condition;

g. Failing to use reasonable inspection, cleaning, monitoring, and spill-response practices for a crowded concert venue where beverages were present; and

h. Other acts or omissions shown through discovery.

42. Defendant should have anticipated that patrons would use the stairway, would encounter the hazardous condition while moving with concert traffic, and could be harmed by the condition despite any claim that it was observable.

43. Defendant's breaches of its premises duties were a direct and proximate cause of Plaintiff's fall and resulting injuries and damages.

**COUNT IV - FAILURE TO WARN**

44. Plaintiff incorporates all preceding allegations as though fully restated in this Count.

45. As an alternative theory of premises liability, Defendant owed Plaintiff, its business invitee, a duty to provide a timely and adequate warning of a dangerous condition on the Premises that Defendant knew or should have known involved an unreasonable risk of harm.

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
JM MARKOLAW

46. Defendant knew or should have known that the wet and slippery substance on the stairway created a risk that patrons would slip and fall.

47. Plaintiff did not know, and in the exercise of ordinary care did not have reason to know, that the substance was present on the stairway before she encountered it.

48. Defendant failed to provide cones, signs, barricades, verbal warnings, employee direction, lighting or visual alerts, or any other timely and adequate warning of the condition.

49. A reasonable and timely warning would have allowed Plaintiff to avoid the affected stair, use an alternative route, or otherwise protect herself from the hazard.

50. Defendant's failure to provide a timely and adequate warning was a direct and proximate cause of Plaintiff's fall and resulting injuries and damages.

## DAMAGES

51. Plaintiff incorporates all preceding allegations as though fully restated in this section.

52. As a direct and proximate result of Defendant's conduct, Plaintiff sustained an incomplete cervical spinal cord injury, cervical disc herniation, severe neck and back pain, right-sided weakness and sensory symptoms, and other injuries and complications requiring urgent cervical surgery, repeated hospitalization, rehabilitation, home health services, and continuing medical care.

53. Plaintiff's injuries and losses include, but are not limited to, the following:

a. Past, present, and future physical pain and suffering;

b. Past, present, and future mental and emotional distress, fright, shock, anxiety, humiliation, and loss of dignity;

c. Permanent or long-term weakness, numbness, tingling, loss of strength, impaired mobility, urinary symptoms, and other physical limitations;



MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
MARKOLAW

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
MARKOLAW

d. Disability and impairment of normal life;

e. Loss of social pleasure, recreation, and enjoyment of life;

f. Past and future medical, hospital, surgical, rehabilitation, therapy, medication, equipment, attendant-care, and home-health expenses;

g. Past and future wage loss, lost earning capacity, and lost employment benefits;

h. Household-service losses and the need for assistance with daily activities;

i. Scarring and disfigurement; and

j. Other damages shown through discovery and at trial.

**WHEREFORE**, Plaintiff JOANN R. SOMES respectfully requests that this Court enter judgment in her favor and against Defendant LIVE NATION WORLDWIDE, INC. d/b/a THE FILLMORE DETROIT in an amount exceeding $25,000.00, together with interest, costs, attorney fees where permitted, and all other relief the Court deems just and proper. Plaintiff further demands a trial by jury on all issues so triable.

Respectfully submitted,
**MARKO LAW, PLLC**
*/s/ Reno Arabo*
RENO ARABO (P83692)
Attorney for Plaintiff
220 W. Congress, 4th Floor
Detroit, MI 48226
P: (313) 777-7777 / F: (313) 470-2011
renoa@markolaw.com

Date: August 24, 2026

26-014808-NO FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 8/24/2026 10:29 AM Carla Keefe

MARKO LAW P: (313) 777-LAW F: (313) 470-2011 220 W. CONGRESS, 4TH FLOOR DETROIT, MI 48226 MARKOLAW.COM

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

JOANN SOMES,

Plaintiff,

v.

LIVE NATION WORLDWIDE, INC.
d/b/a THE FILLMORE DETROIT,

Defendant.

Case No. 26- -NO
Hon.

---

RENO R. ARABO (P83692)
**MARKO LAW, PLLC**
Attorneys for Plaintiff
220 W. Congress, 4th Floor
Detroit, MI 48226
P: (313) 777-7777 / F: (313) 470-2011
renoa@markolaw.com
jessica@markolaw.com (asst.)

---

**JURY DEMAND**

Plaintiff, by and through counsel, hereby request a trial by jury in the above-captioned matter.

Respectfully submitted,

**MARKO LAW, PLLC**
*/s/ Reno Arabo*
RENO ARABO (P83692)
Attorney for Plaintiff
220 W. Congress, 4th Floor
Detroit, MI 48226
(313) 777-7777 / Fax (313) 470-2011

Date: August 24, 2026

AUG 2 7 2026